UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY<br><br>                    Plaintiff,<br><br>v.<br><br>R&Q REINSURANCE COMPANY,<br><br>                    Defendant. | Case No. 21-10550 |

**COMPLAINT – CIVIL ACTION**

Lexington Insurance Company, Inc., ("Lexington") by and through its attorneys, White and Williams LLP, brings this civil action against R&Q Reinsurance Company and in support thereof avers as follows:

**NATURE OF THE ACTION**

1. This is a civil action for breach of facultative reinsurance contracts and arises from the failure of Defendant, R&Q Reinsurance Company ("R&Q"), to indemnify Plaintiff Lexington Insurance Company for payments made under certain insurance policies issued by Lexington, which are reinsured by R&Q. The Lexington insurance policies were issued to Borg Warner Corporation ("Borg Warner") which R&Q reinsured. The underlying claims and litigation in this dispute involve asbestos bodily injury claims against Borg Warner for which Borg Warner sought insurance coverage from Lexington.

**THE PARTIES**

2. Plaintiff Lexington is organized under the laws of the State of Delaware with its principal place of business located at 99 High Street, Boston, Massachusetts 02110.

3. Defendant R&Q, formerly known as ACE American Reinsurance Company, formerly known as CIGNA Reinsurance Company, formerly known as INA Reinsurance

Company, is organized under the laws of the Commonwealth of Pennsylvania with its principal place of business located at Two Logan Square, 18th and Arch Streets, Suite 600, Philadelphia, PA 19103.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because the amount in controversy exceeds $75,000 exclusive of interests and costs and because there is complete diversity in that Lexington is a Delaware corporation with its principal place of business in Boston, Massachusetts and R&Q is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania.

5. This Court has personal jurisdiction over R&Q because of R&Q's regular and repeated contacts with the Commonwealth of Massachusetts.  Such contacts include, but are not limited to, doing business with Lexington, a Massachusetts based company.

6. During the course of the coverage litigation between Lexington and Borg Warner, Lexington provided regular notice and updates to its reinsurers, including R&Q.  Some of those communications came from Lexington's Boston, Massachusetts office.  In those notices, the reinsurers were instructed to remit payment to Lexington in Boston, Massachusetts.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391 (a) because a substantial part of events or omissions giving rise to the claim occurred in this district.

## BACKGROUND

8. A reinsurance contract is an arrangement whereby one insurance company, known as the "ceding company" or the "cedent," obtains insurance from another insurer, known as the "reinsurer," in order to transfer some or all of the insured risk the cedent has assumed under the insurance policies it has issued.  In this case, Lexington Insurance Company is the cedent, and R&Q is the reinsurer.

9. "Facultative reinsurance" applies to a single policy or risk and is negotiated on an individual basis by the insurer (the cedent) and the reinsurer. Facultative reinsurance is generally memorialized in a written contract known as a facultative certificate.

## FACTUAL ALLEGATIONS

10. From 1968 to 1982, Lexington Insurance Company issued nine excess umbrella liability policies to Borg Warner Corporation, a manufacturer and distributor of automotive and vehicle parts that contained asbestos, with the following coverage limits:

| Policy # | Policy Start | Policy End | Per Occurrence Limit | Layer | Underlying |
| --- | --- | --- | --- | --- | --- |
| GC 401581 | 7/1/1968 | 9/1/1971 | $2,000,000 | $30,000,000 | $20,300,000 |
| GC 550 18 31 | 2/21/1977 | 1/1/1978 | $5,000,000 | $20,000,000 | $31,000,000 |
| 5512860 | 1/1/1978 | 1/1/1979 | $5,000,000 | $20,000,000 | $31,000,000 |
| 5512915 | 1/1/1979 | 1/1/1980 | $5,000,000 | $30,000,000 | $46,000,000 |
| 5512973 | 1/1/1980 | 1/1/1981 | $5,000,000 | $30,000,000 | $46,000,000 |
| 5521046 | 1/1/1981 | 1/1/1982 | $5,000,000 | $30,000,000 | $46,000,000 |
| 5521049 | 1/1/1981 | 1/1/1982 | $5,000,000 | $25,000,000 | $76,000,000 |
| 5521143(A) | 1/1/1982 | 1/1/1983 | $5,000,000 | $30,000,000 | $46,000,000 |
| 5521143(B) | 1/1/1982 | 1/1/1983 | $5,000,000 | $25,000,000 | $76,000,000 |

11. The Lexington policies at issue in this matter are GC 5501831, 5512860, 5512915, 5512973 and 5521046 ("Lexington Policies").

12. Beginning in 1983, Borg Warner received a number of claims for bodily injury related to asbestos exposure involving products manufactured by Borg Warner.

13. To resolve disputes between Borg Warner and its insurance carriers, including Lexington, concerning the existence of coverage for Borg Warner's asbestos bodily injury claims, the first of several declaratory judgment actions was filed in 2004.

14. On September 25, 2020, Borg Warner and Lexington reached a negotiated settlement agreement for coverage under the Lexington Policies with respect to certain asbestos claims against the insured.

### LEXINGTON'S 1977 POLICY ISSUED TO BORG WARNER AND REINSURANCE RELATED TO SAME

15. Lexington issued Policy No. 5501831, effective February 21, 1977 to January 1, 1978, with a limit of $5 million p/o $20 million excess $31 million to Borg Warner ("Lexington Policy 5501831").

16. Lexington purchased facultative reinsurance for Lexington Policy 5501831 from R&Q (then known as INA Reinsurance Company).

17. Pursuant to facultative Certificate No. FRC 017237 ("R&Q Certificate FRC 017237") R&Q assumed 40% of $2 million p/o $ 5 million of Lexington Policy 5501831. A true and correct copy of R&Q Certificate FRC 017237 is attached hereto as Exhibit A.

18. R&Q accepted premium from Lexington in exchange for its agreement to reinsure Lexington pursuant to R&Q Certificate FRC 017237.

19. R&Q Certificate FRC 017237 provides that "all claims involving this reinsurance, when settled by [Lexington] shall be binding on [R&Q] which shall be bound to pay its proportion of such settlements."

20. R&Q Certificate FRC 017237 also provides that payment shall be made "promptly following receipt of proof of loss."

21. Borg Warner presented a demand for coverage under Lexington Policy 5501831 relating to liabilities arising out of asbestos claims.

22. On September 25, 2020, Borg Warner and Lexington entered into a Settlement Agreement and Release, which required Lexington to make certain payments to Borg Warner immediately and in the future.

23. Pursuant to the September 25, 2020 Settlement Agreement and Release, Lexington made payment to Borg Warner under Lexington Policy 5501831 and will make additional payments to Borg Warner under Lexington Policy 5501831 in the future.

24. Lexington billed R&Q with respect to the payment Lexington made to Borg Warner under Lexington Policy 5501831.

25. R&Q has failed to pay Lexington pursuant to the proof of loss submitted under R&Q Certificate FRC 0017237 in breach of the terms of the facultative certificate.

### LEXINGTON'S 1978 POLICY ISSUED TO BORG WARNER AND REINSURANCE RELATED TO SAME

26. Lexington issued Policy No. 5512860, effective January 1, 1978 to January 1, 1979, with a limit of $5 million p/o $20 million excess $31 million to Borg Warner ("Lexington Policy 5512860").

27. Lexington purchased facultative reinsurance for Lexington Policy 5512860 from R&Q (then known as INA Reinsurance Company).

28. Pursuant to facultative Certificate No. FRC 020573 ("R&Q Certificate FRC 020573"), R&Q assumed 40% of $2 million p/o $ 5 million of Lexington Policy 5512860. A true and correct copy of R&Q Certificate FRC 020573 is attached hereto as Exhibit B.

29. R&Q accepted premium from Lexington in exchange for its agreement to reinsure Lexington pursuant to R&Q Certificate FRC 020573.

30. R&Q Certificate FRC 020573 provides that "all claims involving this reinsurance, when settled by [Lexington] shall be binding on [R&Q] which shall be bound to pay its proportion of such settlements."

31. R&Q Certificate FRC 020573 also provides that payment shall be made "promptly following receipt of proof of loss."

32. Borg Warner presented a demand for coverage under Lexington Policy 5512860 relating to liabilities arising out of asbestos claims.

33. On September 25, 2020, Borg Warner and Lexington entered into a Settlement Agreement and Release, which required Lexington to make certain payments to Borg Warner immediately and in the future.

34. Pursuant to the September 25, 2020 Settlement Agreement and Release, Lexington made payment to Borg Warner under Lexington Policy 5512860 and will make additional payments to Borg Warner under Lexington Policy 5512860 in the future.

35. Lexington billed R&Q with respect to the payment Lexington made to Borg Warner under Lexington Policy 5512860.

36. R&Q has failed to pay Lexington pursuant to the proof of loss submitted under R&Q Certificate FRC 020573 in breach of the terms of the facultative certificate.

### LEXINGTON'S 1979 POLICY ISSUED TO BORG WARNER AND REINSURANCE RELATED TO SAME

37. Lexington issued Policy No. 5512195, effective January 1, 1979 to January 1, 1980, with a limit of $5 million p/o $30 million excess $46 million to Borg Warner ("Lexington Policy 5512195").

38. Lexington purchased facultative reinsurance for Lexington Policy 5512195 from R&Q (then known as INA Reinsurance Company).

39. Upon information and belief, pursuant to facultative Certificate No. FRC 026601 ("R&Q Certificate FRC 026601") R&Q assumed 40% of $2 million p/o $ 5 million of Lexington Policy 5512195. While Lexington does not have a copy of R&Q Certificate FRC 026601, a true and correct copy of facultative Certificate No. FRC 029038, effective January 1, 1980, attached hereto as Exhibit C, shows that it is a renewal of R&Q Facultative Certificate 026601.

40. Upon information and belief, R&Q accepted premium from Lexington in exchange for its agreement to reinsure Lexington pursuant to the R&Q Certificate FRC 026601.

41. Upon information and belief, R&Q Certificate FRC 026601 provides that "all claims involving this reinsurance, when settled by [Lexington] shall be binding on [R&Q] which shall be bound to pay its proportion of such settlements."

42. Upon information and belief, R&Q Certificate FRC 026601 also provides that payment shall be made "promptly following receipt of proof of loss."

43. Borg Warner presented a demand for coverage under Lexington Policy 5512195 relating to liabilities arising out of asbestos claims.

44. On September 25, 2020, Borg Warner and Lexington entered into a Settlement Agreement and Release, which required Lexington to make certain payments to Borg Warner immediately and in the future.

45. Pursuant to the September 25, 2020 Settlement Agreement and Release, Lexington made payment to Borg Warner under Lexington Policy 5512195 and will make additional payments to Borg Warner under Lexington Policy 5512195 in the future.

46. Lexington billed R&Q with respect to the payment Lexington made to Borg Warner under Lexington Policy 5512195.

47. R&Q has failed to pay Lexington pursuant to the proof of loss submitted under the R&Q Certificate FRC 026601 in breach of the terms of the facultative certificate.

### LEXINGTON'S 1980 POLICY ISSUED TO BORG WARNER AND REINSURANCE RELATED TO SAME

48. Lexington issued Policy No. 5512973, effective January 1, 1980 to January 1, 1981, with a limit of $5 million p/o $30 million excess $46 million to Borg Warner ("Lexington Policy 5512973").

49. Lexington purchased facultative reinsurance for Lexington Policy 5512973 from R&Q (then known as INA Reinsurance Company).

50. Pursuant to facultative Certificate No. FRC 029830 ("R&Q Certificate FRC 029830") R&Q assumed 40% of $2 million p/o $5 million of Lexington Policy 5512973. A true and correct copy of R&Q Facultative Certificate FRC 029830 is attached hereto as Exhibit C.

51. R&Q accepted premium from Lexington in exchange for its agreement to reinsure Lexington pursuant to R&Q Certificate FRC 029830.

52. R&Q Certificate FRC 029830 provides that "all claims involving this reinsurance, when settled by [Lexington] shall be binding on [R&Q] which shall be bound to pay its proportion of such settlements."

53. R&Q Certificate FRC 029830 also provides that payment shall be made "promptly following receipt of proof of loss."

54. Borg Warner presented a demand for coverage under Lexington Policy 5512973 relating to liabilities arising out of asbestos claims.

55. On September 25, 2020, Borg Warner and Lexington entered into a Settlement Agreement and Release, which required Lexington to make certain payments to Borg Warner immediately and in the future.

56. Pursuant to the September 25, 2020 Settlement Agreement and Release, Lexington made payment to Borg Warner under Lexington Policy 5512973 and will make additional payments to Borg Warner under Lexington Policy 5512973 in the future.

57. Lexington billed R&Q with respect to the payment Lexington made to Borg Warner under Lexington Policy 5512973.

58. R&Q has failed to pay Lexington pursuant to the proof of loss submitted under R&Q Certificate FRC 029830 in breach of the terms of the facultative certificate.

## LEXINGTON'S 1981 POLICY ISSUED TO BORG WARNER AND REINSURANCE RELATED TO SAME

59. Lexington issued Policy No. 5521046, effective January 1, 1981 to January 1, 1982, with a limit of $5 million p/o $30 million excess $46 million to Borg Warner ("Lexington Policy 5521046").

60. Lexington purchased facultative reinsurance for Lexington Policy 5521046 from R&Q (then known as INA Reinsurance Company).

61. Pursuant to facultative Certificate No. FRC 034941 ("R&Q Certificate FRC 034941") R&Q assumed 40% of $2 million p/o $5 million of Lexington Policy 5521046. A true and accurate copy of R&Q Certificate FRC 034941 is attached hereto as Exhibit D.

62. R&Q accepted premium from Lexington in exchange for its agreement to reinsure Lexington pursuant to R&Q Certificate FRC 034941.

63. Upon information and belief, R&Q Certificate FRC 034941 provides that "all claims involving this reinsurance, when settled by [Lexington] shall be binding on [R&Q] which shall be bound to pay its proportion of such settlements."

64. Upon information and belief, R&Q Certificate FRC 034941 also provides that payment shall be made "promptly following receipt of proof of loss."

65. Borg Warner presented a demand for coverage under Lexington Policy 5521046 relating to liabilities arising out of asbestos claims.

66. On September 25, 2020, Borg Warner and Lexington entered into a Settlement Agreement and Release, which required Lexington to make certain payments to Borg Warner immediately and in the future.

67. Pursuant to the September 25, 2020 Settlement Agreement and Release, Lexington made payment to Borg Warner under Lexington Policy 5521046 and will make additional payments to Borg Warner under Lexington Policy 5521046 in the future.

68. Lexington billed R&Q with respect to the payment Lexington made to Borg Warner under Lexington Policy 5521046.

69. R&Q has failed to pay Lexington pursuant to the proof of loss submitted under R&Q Certificate FRC 034941 in breach of the terms of the facultative certificate.

## COUNT I

### Breach of Contract Under R&Q Certificate FRC 017237

70. Lexington repeats and incorporates herein by reference the allegations contained in the foregoing paragraphs 1-25 as if fully set forth herein.

71. Lexington has fully performed its obligations under R&Q Certificate FRC 017237.

72. R&Q has failed to pay the amounts now due and owing under R&Q Certificate FRC 017237.

73. In failing to pay the amounts due under R&Q Certificate FRC 017237, Lexington has suffered damages.

**WHEREFORE**, Lexington respectfully requests that the Court enter judgment in its favor and against R&Q Reinsurance Company as follows:

   a. A judgment that R&Q Reinsurance Company has breached R&Q Certificate FRC 017237;

   b. An award of money damages, plus statutory pre-judgment interest with respect to outstanding billings;

   c. Reasonable costs and fees incurred in bringing this action; and

   d. Such other relief as the Court deems just and proper.

## COUNT II

### Breach of Contract Under R&Q Certificate FRC 020573

74. Lexington repeats and incorporates herein by reference the allegations contained in the foregoing paragraphs 1-14 and 26-36 as if fully set forth herein.

75. Lexington has fully performed its obligations under R&Q Certificate FRC 020573.

76. R&Q has failed to pay the amounts now due and owing under R&Q Certificate FRC 020573.

77. In failing to pay the amounts due under the R&Q Certificate FRC 020573, Lexington has suffered damages.

**WHEREFORE**, Lexington respectfully requests that the Court enter judgment in its favor and against R&Q Reinsurance Company as follows:

   a. A judgment that R&Q Reinsurance Company has breached R&Q Certificate FRC 020573;

   b. An award of money damages, plus statutory pre-judgment interest with respect to outstanding billings;

   c. Reasonable costs and fees incurred in bringing this action; and

   d. Such other relief as the Court deems just and proper.

## COUNT III

### Breach of Contract Under R&Q Certificate FRC 026601

78. Lexington repeats and incorporates herein by reference the allegations contained in the foregoing paragraphs 1-14 and 37-47 as if fully set forth herein.

79. Lexington has fully performed its obligations under R&Q Certificate FRC 026601.

80. R&Q has failed to pay the amounts now due and owing under R&Q Certificate FRC 026601.

81. In failing to pay the amounts due under R&Q Certificate FRC 026601, Lexington has suffered damages.

**WHEREFORE**, Lexington respectfully requests that the Court enter judgment in its favor and against R&Q Reinsurance Company as follows:

   a. A judgment that R&Q Reinsurance Company has breached R&Q Certificate FRC 026601;

   b. An award of money damages, plus statutory pre-judgment interest with respect to outstanding billings;

   c. Reasonable costs and fees incurred in bringing this action; and

   d. Such other relief as the Court deems just and proper.

## COUNT IV

### Breach of Contract Under R&Q Certificate FRC 029830

82. Lexington repeats and incorporates herein by reference the allegations contained in the foregoing paragraphs 1-14 and 48-58 as if fully set forth herein.

83. Lexington has fully performed its obligations under R&Q Certificate FRC 029830.

84. R&Q has failed to pay the amounts now due and owing under R&Q Certificate FRC 029830.

85. In failing to pay the amounts due under R&Q Certificate FRC 029830, Lexington has suffered damages.

**WHEREFORE**, Lexington respectfully requests that the Court enter judgment in its favor and against R&Q Reinsurance Company as follows:

a. A judgment that R&Q Reinsurance Company has breached R&Q Certificate FRC 029830;

b. An award of money damages, plus statutory pre-judgment interest with respect to outstanding billings;

c. Reasonable costs and fees incurred in bringing this action; and

d. Such other relief as the Court deems just and proper.

## COUNT V

### Breach of Contract Under R&Q Certificate FRC 034941

86. Lexington repeats and incorporates herein by reference the allegations contained in the foregoing paragraphs 1-14 and 59-69 as if fully set forth herein.

87. Lexington has fully performed its obligations under R&Q Certificate FRC 034941.

88. R&Q has failed to pay the amounts now due and owing under R&Q Certificate FRC 034941.

89. In failing to pay the amounts due under R&Q Certificate FRC 034941, Lexington has suffered damages.

26817600v.1

**WHEREFORE**, Lexington respectfully requests that the Court enter judgment in its favor and against R&Q Reinsurance Company as follows:

a. A judgment that R&Q Reinsurance Company has breached R&Q Certificate FRC 034941;

b. An award of money damages in excess of $50,000, plus statutory pre-judgment interest with respect to outstanding billings;

c. Reasonable costs and fees incurred in bringing this action; and

d. Such other relief as the Court deems just and proper.

## COUNT VI

### Declaratory Judgment Under R&Q Certificate FRC 017237

90. Lexington repeats and incorporates herein by reference the allegations contained in the foregoing paragraphs 1-25 as if fully set forth herein.

91. An action for declaratory relief is governed by the Massachusetts Uniform Declaratory Judgment Act, G.L. 231A *et seq*.

92. Lexington will be required to pay future amounts under Lexington Policy 5501831 to Borg Warner pursuant to the September 25, 2020 Settlement Agreement.

93. Lexington expects to bill R&Q for future payments made under Lexington Policy 5501831 pursuant to R&Q Certificate FRC 017237.

94. In light of R&Q's current breach of R&Q Certificate FRC 017237, Lexington anticipates that R&Q will refuse to pay future amounts due under R&Q Certificate FRC 017237.

95. There is a justiciable controversy regarding the parties' respective rights and obligations under R&Q Certificate FRC 017237 with respect to the future payments Lexington will make to Borg Warner pursuant to the September 25, 2020 Settlement Agreement and bill to R&Q.

**WHEREFORE**, Lexington respectfully requests that the Court enter judgment in its favor and against R&Q declaring Lexington has performed its obligations under R&Q Certificate FRC 017237 and that R&Q is required to promptly pay Lexington's future proofs of loss submitted thereunder, along with costs, interest and attorney's fees and any other relief that the Court deems appropriate.

## COUNT VII

### Declaratory Judgment Under R&Q Certificate 020573

96. Lexington repeats and incorporates herein by reference the allegations contained in the foregoing paragraphs 1-14 and 26-36 as if fully set forth herein.

97. An action for declaratory relief is governed by the Massachusetts Uniform Declaratory Judgment Act, G.L. 231A *et seq*.

98. Lexington will be required to pay future amounts under Lexington Policy 5512860 to Borg Warner pursuant to the September 25, 2020 Settlement Agreement.

99. Lexington expects to bill R&Q for future payments made under Lexington Policy 5512860 pursuant to R&Q Certificate FRC 020573.

100. In light of R&Q's current breach of R&Q Certificate FRC 020573, Lexington anticipates that R&Q will refuse to pay future amounts due under R&Q Certificate FRC 020573.

101. There is a justiciable controversy regarding the parties' respective rights and obligations under R&Q Certificate FRC 020573 with respect to the future payments Lexington will make to Borg Warner pursuant to the September 25, 2020 Settlement Agreement and bill to R&Q.

**WHEREFORE**, Lexington respectfully requests that the Court enter judgment in its favor and against R&Q by declaring Lexington has performed its obligations under R&Q Certificate FRC 020573 and that R&Q is required to promptly pay Lexington's future proofs of

loss submitted thereunder, along with costs, interest and attorney's fees and any other relief that the Court deems appropriate.

## COUNT VIII

### Declaratory Judgment Under R&Q Certificate FRC 026601

102. Lexington repeats and incorporates herein by reference the allegations contained in the foregoing paragraphs 1-14 and 37-47 as if fully set forth herein.

103. An action for declaratory relief is governed by the Massachusetts Uniform Declaratory Judgment Act, G.L. 231A *et seq*.

104. Lexington will be required to pay future amounts under Lexington Policy 5512195 to Borg Warner pursuant to the September 25, 2020 Settlement Agreement.

105. Lexington expects to bill R&Q for future payments made under Lexington Policy 5512195 pursuant to R&Q Certificate FRC 026601.

106. In light of R&Q's current breach of R&Q Certificate FRC 026601, Lexington anticipates that R&Q will refuse to pay future amounts due under R&Q Certificate FRC 026601.

107. There is a justiciable controversy regarding the parties' respective rights and obligations under R&Q Certificate FRC 026601 with respect to the future payments Lexington will make to Borg Warner pursuant to the September 25, 2020 Settlement Agreement and bill to R&Q.

**WHEREFORE**, Lexington respectfully requests a that the Court enter judgment in its favor and against R&Q by declaring Lexington has performed its obligations under R&Q Certificate FRC 026601 and that R&Q is required to promptly pay Lexington's future proofs of

loss submitted thereunder, along with costs, interest and attorney's fees and any other relief that the Court deems appropriate.

## COUNT IX

### Declaratory Judgment Under R&Q Certificate FRC 029830

108. Lexington repeats and incorporates herein by reference the allegations contained in the foregoing paragraphs 1-14 and 48-58 as if fully set forth herein.

109. An action for declaratory relief is governed by the Massachusetts Uniform Declaratory Judgment Act, G.L. 231A *et seq*.

110. Lexington will be required to pay future amounts under Lexington Policy 5512973 to Borg Warner pursuant to the September 25, 2020 Settlement Agreement.

111. Lexington expects to bill R&Q for future payments made under Lexington Policy 5512973 pursuant to R&Q Certificate FRC 029830.

112. In light of R&Q's current breach of R&Q Certificate FRC 029830, Lexington anticipates that R&Q will refuse to pay future amounts due under R&Q Certificate FRC 029830.

113. There is a justiciable controversy regarding the parties' respective rights and obligations under R&Q Certificate FRC 029830 with respect to the future payments Lexington will make to Borg Warner pursuant to the September 25, 2020 Settlement Agreement and bill to R&Q.

**WHEREFORE**, Lexington respectfully requests a that the Court enter judgment in its favor and against R&Q by declaring Lexington has performed its obligations under the R&Q Certificate FRC 029830 and that R&Q is required to promptly pay Lexington's future proofs of

loss submitted thereunder, along with costs, interest and attorney's fees and any other relief that the Court deems appropriate.

## COUNT X

### Declaratory Judgment Under R&Q Certificate FRC 034941

114. Lexington repeats and incorporates herein by reference the allegations contained in the foregoing paragraphs 1-14 and 59-69 as if fully set forth herein.

115. An action for declaratory relief is governed by the Massachusetts Uniform Declaratory Judgment Act, G.L. 231A *et seq*.

116. Lexington will be required to pay future amounts under Lexington Policy 5521046 to Borg Warner pursuant to the September 25, 2020 Settlement Agreement.

117. Lexington expects to bill R&Q for future payments made under Lexington Policy 5521046 pursuant to R&Q Certificate FRC 034941.

118. In light of R&Q's current breach of R&Q Certificate FRC 034941, Lexington anticipates that R&Q will refuse to pay future amounts due under R&Q Certificate FRC 03941.

119. There is a justiciable controversy regarding the parties' respective rights and obligations under R&Q Certificate FRC 034941 with respect to the future payments Lexington will make to Borg Warner pursuant to the September 25, 2020 Settlement Agreement and bill to R&Q.

**WHEREFORE**, Lexington respectfully requests a that the Court enter judgment in its favor and against R&Q by declaring Lexington has performed its obligations under R&Q Certificate FRC 034941 and that R&Q is required to promptly pay Lexington's future proofs of

loss submitted thereunder, along with costs, interest and attorney's fees and any other relief that the Court deems appropriate.

| OF COUNSEL: | Respectfully submitted, |
|---|---|
| Michael S. Olsan, Esq.<br>1650 Market Street<br>One Liberty Place, Suite 1800<br>Philadelphia, PA  19103-7395<br>(215) 864-6278<br>olsanm@whiteandwilliams.com | LEXINGTON INSURANCE COMPANY<br><br>By counsel,<br><br>/s/ Austin D. Moody<br>Austin D. Moody (BBO #704315)<br>WHITE AND WILLIAMS LLP<br>101 Arch Street, Suite 1930 |
| Dated: March 31, 2021 | Boston, MA  02110<br>Tel: (617) 748-5200<br>Fax: (617) 748-5201<br>moodya@whiteandwilliams.com |

26817600v.1